# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

JIMMY BARFIELD,

        Plaintiff,

vs.

DANNY'S BAR AND GRILL,
DANIEL J. ARCURI, and
DOES 1-5,

        Defendants.

8:16CV21

ORDER

This matter is before the court on the Motion to Set Aside Entry of Default and Quash Service (Filing No. 12) filed by the defendant Danny's Bar and Grill. The plaintiff did not respond to the defendant's motion.

## BACKGROUND

The plaintiff filed the instant action on January 15, 2016, naming Danny's Bar and Grill and Daniel J. Arcuri as defendants. **See** Filing No. 1. The plaintiff sought summonses, which were issued for both named defendants. **See** Filing No. 6. On March 24, 2016, the plaintiff filed a proof of service indicating "Danny's Bar and Grill" was served by a constable serving Linda Lenard on behalf of Danny's Bar and Grill, on March 18, 2016. **See** Filing No. 7. On April 20, 2016, the Clerk of Court entered default against Danny's Bar and Grill. **See** Filing No. 11.

On April 22, 2016, Danny's Bar and Grill filed the instant motion seeking an order setting aside the entry of default and quashing service. **See** Filing No. 12. This defendant offers evidence Danny's Bar and Grill is a trade name registered with the State of Nebraska. **See** Filing No. 12 p. 4. This defendant argues Danny's Bar and Grill is merely a trade name, rather than a legal entity, and without the capacity to be served process or sued. ***Id.*** at 2. Further, this defendant argues Linda Lenard is without authority to accept service on behalf of the corporation using the trade name Danny's Bar and Grill. ***Id.*** Although the evidence shows Daniel J. Arcuri is the president of the corporation using the trading name Danny's Bar and Grill, the plaintiff fails to show service upon him.

## ANALYSIS

An entry of default may be set aside "for good cause shown." Fed. R. Civ. P. 55(c). Although a motion to set aside an entry of default typically involves consideration of the same factors as a motion to set aside default judgment pursuant to Rule 60(b), relief from a mere default entry does not require as strong of a showing as excuse from a default judgment. **Johnson v. Dayton Elec. Mfg. Co.**, 140 F.3d 781, 783 (8th Cir. 1998). There is a distinction because "it is likely that a party who promptly attacks an entry of default, rather than waiting for grant of a default judgment, was guilty of an oversight and wishes to defend the case on the merits." *Id.* at 784. After all, the judicial preference is to adjudicate claims on the merits. **Oberstar v. F.D.I.C.**, 987 F.2d 494, 504 (8th Cir. 1993).

"Traditionally, in deciding issues of this kind, our court and others have looked at whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused." **Johnson**, 140 F.3d at 783; **see also Stephenson v. El–Batrawi**, 524 F.3d 907, 912 (8th Cir. 2008); **C-B Kenworth, Inc. v. General Motors Corp.**, 129 F.R.D. 13, 14-15 (D. Me. 1990) (holding "assertion of default to be largely technical and further finds that Plaintiff will not be substantially prejudiced by the filing of a late answer"). Essentially, the court must determine whether good cause exists to set aside default and allow the defendant to proceed on the merits. **See** Fed. R. Civ. P. 6(b), 55(c).

The court finds good cause exists to set aside the entry of default. Danny's Bar and Grill shows it is not a legal entity and the corporation using the Danny's Bar and Grill trade name was not properly served. Any delay caused by the proper party's failure to file a timely answer will not affect the progression of this matter as another defendant has not yet been served or filed an answer. Additionally, Danny's Bar and Grill promptly reacted to the entry of default and diligently attempted to rectify of the matter. It does not appear the defendant engaged in any conduct to cause the delay, i.e., the delay was out of its control, rather than a willful flaunting of the deadline. **See In re Jones Truck Lines, Inc.**, 63 F.3d 685, 687 (8th Cir. 1995). The delay, here, was occasioned by the timing and manner of service. Additionally, the plaintiff has yet to

show service has been timely attempted on the other named defendant and president of the relevant corporation.

Under these circumstances, the plaintiff shall show cause why the case should not be dismissed against the defendants pursuant to Fed. R. Civ. P. 4(m) and NECivR 41.2. The plaintiff failed to seek an extension of the deadline to complete service, which expired on April 14, 2016, or provide an explanation for the delay. **See** Fed. R. Civ. P. 4(m); NECivR 41.2 ("At any time, a case not being prosecuted with reasonable diligence may be dismissed for lack of prosecution."). The plaintiff must make a showing of good cause for the failure of timely service or the action must be dismissed against the defendant Daniel J. Arcuri. Upon consideration,

**IT IS ORDERED**:

1. The Motion to Set Aside Entry of Default and Quash Service (Filing No. 12) is granted.

2. The Clerk of Court shall modify the docket to show that the entry of default is hereby set aside.

3. The plaintiff has until the close of business on **June 3, 2016**, to file with the Clerk of Court evidence of proper service for Daniel J. Arcuri and show cause why this case should not be dismissed as against the defendants.

Dated this 18th day of May, 2016.

                                              BY THE COURT:

                                              s/ Thomas D. Thalken
                                              United States Magistrate Judge